OLIVER FINNIE GROCERY CO. *v.* JOE SUMNER ET AL.

PROMISSORY NOTES. *Indorsement. Consideration. Vendor's lien. Equity.*

     A vendee of land gave to his grantors his note for $400, in part payment of the purchase money, and afterwards sold the land for $1,200, taking from his grantee $200 in cash, and five notes for $200 each, all of which notes, including that for $400, were secured by a vendor's lien. Having collected one of the $200 notes, he transferred the other four to his grantors by indorsement in blank, to enable them to borrow money to relieve their necessities, at least to the extent of what he owed them on his $400 note; and they, thereupon, indorsed them to creditors of their own to secure an indebtedness not greater than the amount due on the $400 note, the creditors accepting them being wholly ignorant of the agreement on which they were held. *Held,* that the consideration of the transfer to said creditors was sufficient, and that it was error to dismiss a bill filed by them for the subjection of the land to the payment of the four $200 notes, and the satisfaction of their debt out of the amount realized thereby, and also error to dismiss the cross bill of the first vendee, whose rights in said notes were subject only to those of the complaining creditors.

FROM the chancery court of Sunflower county.

HON. A. H. LONGINO, Chancellor.

In 1890 W. D. Peery purchased from W. H. Garnett &

Bros. a tract of land, giving to them, in part payment of the purchase money, his note for $400, payable December 1, 1890. He afterwards sold the land to the appellee, Joe Sumner, for $1,200, whereof $200 was paid in cash, and the balance evidenced by Sumner's five notes for $200 each, payable first November, 1891, 1892, 1893, 1894 and 1895. He collected the first note, and, shortly thereafter, transferred the other four, by indorsement in blank, to W. H. Garnett, a member of the firm of W. H. Garnett & Bros., who, in turn, transferred them to appellant to secure a debt they owed to it.

The appellant, the Oliver Finnie Grocery Co., then filed its bill in equity, setting up the foregoing facts, and averring that it came into possession of the notes in due course of trade, and was the legal holder of the same, for the purpose of securing the debt due to it, and that, at the time the deed was executed by Peery to Sumner, a vendor's lien was retained on the land to secure the payment of the notes. The bill prayed for an accounting as to the amount due on the notes, and foreclosure of the lien for their satisfaction. Sumner admitted in his answer that he still owed the notes, but claimed not to know who owned the same.

Peery, in his answer, admitted all those allegations of the bill relating to matters that transpired previous to his transfer of the notes to Garnett, but denied that complainant came into possession of them in due course of trade, and also denied that Garnett & Bros. delivered the notes to it for a valuable consideration, and that it was the legal holder of the same. He alleged that the following were the real facts of the case: That he was indebted to Garnett & Bros. in the sum of $400, and gave the notes to W. H. Garnett, for the purpose of negotiating a loan thereon for him (Peery), out of which he was to pay Garnett & Bros. $400, and that Garnett took the notes with the express purpose of borrowing money for him; that at that time Garnett & Bros. were indebted to complainant, and complainant was pressing for a settlement, and W. H. Garnett, without

his knowledge or consent, delivered the notes to the attorney of complainant as a temporary security for said indebtedness, but said Garnett at that time explained that the notes did not belong to the firm of W. H. Garnett & Bros., but were his (Peery's) property, and explained to said attorney how he came into possession of them, and promised said attorney that if he would hold them temporarily, other collaterals would be furnished him, to which the attorney agreed; that Garnett afterwards tendered other collaterals, and demanded the return of the notes, which was refused. He charged, also, that he was not indebted to complainant in any sum, and, denying that the notes in complainant's hands constituted a lien on the land, made his answer a cross bill, and prayed for the surrender of the notes and subrogation to complainant's rights.

The complainant answered the cross bill, denying the material averments thereof, and especially denying that it had knowledge of the alleged agreement between Peery and Garnett in respect to the $200 notes, or that said Peery had any interest therein when the same were received by it. The nature of the evidence is indicated by the view taken of it in the opinion. The court below found that the notes came into complainant's hands without notice of Peery's interest, but that the transfer to it was without sufficient consideration, and dismissed both the original bill and the cross bill. From this decree the complainant appealed.

*Baker & Moody*, for the appellant.

The notes were not only received by appellant in good faith, and without notice of Peery's equities, but were also taken for a good and valid consideration. The account due by W. H. Garnett & Bros. to appellant was due when the notes were transferred as security therefor, and the first of said notes did not fall due for eleven months thereafter, and the aggregate amount of the notes was largely in excess of the debt they were indorsed to secure. In such case, there is an implied agree-

ment for forbearance that constitutes a sufficient consideration. Daniel on Neg. Insts. (4th ed.), § 830, and cases cited in note 3; *Ib.*, § 831, *a*, *b* and *c*, and cases cited; Tiedeman on Com. Pap., § 167, and cases cited. .

The cases of *Brown* v. *Prophit*, 53 Miss., 649; *Keirn* v. *Andrews*, 59 *Ib.*, 39, do not conflict with the general principle relied on by appellant, which is not seeking to hold the indorser for the debt, but claiming merely that, as between it and Garnett & Bros., the transaction was one that bound it to refrain from suit on the open account until the notes fell due.

The agreement for forbearance was really more than an implied one. As a part of the transaction, appellant accepted a return of $250 of the goods mentioned in the account, and took the notes as security for the balance only, thus surrendering an existing right to demand payment for the full amount of the goods sold, by agreeing to receive a large portion of them back, and give credit therefor. Appellant's attitude was thus materially altered, and the case taken out of the line of authorities relied on by appellee. When the appellant produced the notes it devolved upon the appellee to prove a want of consideration in the transfer, but there was no evidence on that head.

2. If it was necessary to make W. H. Garnett and W. J. Garnett parties to the bill, appellant's motion to that end should have been sustained, and relief awarded to appellant. Code 1892, § 542; *Parker* v. *Bacon*, 26 Miss., 425; *Shaw* v. *Alexander*, 32 *Ib.*, 232; *Jeffries* v. *Jeffries*, 66 *Ib.*, 216; *Metcalfe* v. *McCutchon*, 60 *Ib.*, 145; *Hanserd* v. *Gray*, 46 *Ib.*, 75; 1 Daniel's Chy. Pl. & Pr. (5th ed.), 417, 418.

*Jayne & Watson*, for the appellee.

1. We think the evidence shows that appellant took the notes from Garnett & Bros. with notice of Peery's equity, and, if such be the fact, it is not a *bona fide* holder of the paper. Tiedeman on Com. Pap., § 299; Colebrook on Col., § 38. The finding of the chancellor is not conclusive of this question of fact. *Partee* v. *Bedford*, 51 Miss., 84.

2. That the notes in question were the property of Peery, that Garnett & Bros. misapplied them when they placed them as collateral to their debt to appellant, and that the debt was past due and was not extended, cannot be disputed.   Therefore, unless appellant took the notes for a consideration, they were Peery's property, and he was entitled to have them enforced, under his cross bill, as a lien on the land.   Colebrook on Col., §§ 39, 71.   Mississippi is one of the states holding to the rule set forth by this author.   *Bank of Meridian* v. *Strauss*, 66 Miss., 484.   The defense of failure of consideration may be set up by an indorser against the suit of an indorsee.   *Etheridge* v. *Gallagher*, 55 Miss., 458.   It is well settled in this state that receiving property merely as security for an antecedent debt does not constitute the taker a holder for value. *Bank of Meridian* v. *Strauss, supra.*   In the case at bar no consideration passed when the notes were taken.   There was no agreement to forbear for a definite time.   No such agreement was entered into as would meet the requirements of the rule laid down in *Turner* v. *Brown*, 3 Smed. & M., 425; *Brown* v. *Prophit*, 53 Miss., 649, and *Keirn* v. *Andrews*, 59 *Ib.*, 39.   These cases were cited with approval in the late case of *Brister* v. *Moore*, 16 So. Rep., 596.

3. It was too late to apply for an amendment to make the Garnetts parties after the evidence was all in and the cause under advisement.   If they had been parties, the fact would not have affected the question of notice or consideration, upon which the court below rested its decision.

Argued orally by *Edward Mayes*, for the appellant.

WOODS, J., delivered the opinion of the court.     .

The finding of fact by the court below, as to the want of notice of Peery's real interest in the notes sued on by the appellant, is concurred in by us; but the original bill should not have been dismissed on the ground of want of consideration for the transfer of the notes by Garnett & Bros. to appellant.

Peery has no substantial reason to offer against the demand of appellants to have satisfaction of their claim against the Garnetts out of the Sumner notes, for the avowed object of Peery in indorsing and delivering the notes to the Garnetts was to enable them to borrow money to relieve their necessities to the amount, at least, of his indebtedness to them. True, the Garnetts did not actually borrow the money on the Sumner notes and pay it to Oliver Finnie Grocery Co., but they did relieve themselves to the amount of their indebtedness to that company by delivery of the Sumner notes to the company for that purpose. The identical result has been reached which would have followed if the money had been borrowed and then paid to Oliver Finnie Grocery Co. In effect, Peery stands precisely where he would have stood if the Garnetts had borrowed the money from anyone, and had then paid it over to the appellants. Peery confessedly owes on his note to the Garnetts more than enough to pay the demand of the appellants against the Garnetts, and, on the hearing, professed his desire to pay the balance due the Garnetts to whomsoever it might be due. True, Peery has in his possession his note for the $400 which he gave the Garnetts, but, except a credit of $45, it is wholly unpaid, for the credit of $80, indorsed upon the note, was placed there after Peery knew the Garnetts had parted with the Sumner notes.

No one can be wronged by permitting the appellant to resort to their security for payment of the amount of the Garnetts, indebtedness to it. The Garnetts have no interest whatever in the litigation, and Peery will then be in the situation in which he agreed to place himself when he delivered the Sumner notes to the Garnetts. The bill, as well as the cross bill, should have been retained by the court below, and full relief have been granted the appellant and Peery.

*Reversed and remanded.*

*Jayne & Watson,* for the appellee,

Filed a suggestion of error to so much of the decision on

appeal as reversed that portion of the decision of the chancellor denying to appellant the relief sought, and urged the following as grounds therefor:

1. The appellant gave no consideration for the four $200 notes.

2. The Garnetts not having been made parties to the suit, the taking of the fund due by Peery on the $400 note to the Garnetts or their assigns is depriving the Garnetts or their assigns of their property without due process of law, and also depriving Peery of his property in like manner by forcing him to pay an indebtedness twice.

*Suggestion of error overruled.*